FILED IN DISTRICT COURT
McClain County, Oklahoma

JUN 15 2016

Kristel Gray, Court Clerk
by _____, Deputy

IN THE DISTRICT COURT IN AND FOR McCLAIN COUNTY
STATE OF OKLAHOMA

BETTY WOOD, )
)
Plaintiff, )
)
v. ) No. CJ-16- 112
)
MIDWEST PERFORMANCE PACK, f/k/a )
MATADOR PROCESSORS, INC., ) AGE DISCRIMINATION
) Arising in McClain County
) JURY TRIAL DEMANDED
Defendant. )

## PETITION

COMES NOW THE PLAINTIFF and for her causes of action herein alleges that:

### PARTIES

1. The Plaintiff is Betty Wood, an adult female over the age of forty (40), who resides in Cleveland County, Oklahoma.

2. The Defendant is the Midwest Performance Pack, f/k/a Matador Processors, Inc., (hereafter "Midwest"), an entity doing business in McClain County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff causes of action are based on age discrimination, retaliation for opposing age discrimination in violation of the Age Discrimination in Employment Act (ADEA), ERISA and under state law. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331. Jurisdiction over the state law claims is under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in McClain County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5. Plaintiff has been an employee of Defendant for approximately one (1) year, although She was the founder of the Company, Matador, Inc., in September, 1973..

1


Defendant's Exhibit # 01

6. Midwest purchased Matador Company in May, 2015 with all employees remaining. Plaintiff was singled out for unequal treatment and harassment from her supervisor, Ricky Jackson after he had hired a younger woman.

7. Plaintiff made complaints regarding her unequal treatment and harassment internally.

8. Following her complaints regarding her treatment Plaintiff was subjected to retaliation, including denial of evaluation, raises and denial of ordinary privileges available to other employees.

9. Defendant expressed direct hostility toward the Plaintiff based on her complaints of her treatment.

10. Defendant's supervisor made frequent disparaging comments about Plaintiff's complaints of unfair treatment evincing hostility towards Plaintiff.

11. Following her internal complaint the harassment continued.

12. On December 30, 2015, Rick Jackson terminated Plaintiff's employment with Defendant with the reason that the company "needed to reduce payroll".

13. Such reason was pretextual in that Plaintiff's position was not eliminated and the job duties will still be performed by other employees.

14. Subsequently Plaintiff filed a complaint with the EEOC regarding her termination.

15. Plaintiff has exhausted her administrative remedies and has received her right-to-sue dated May 23, 2016. This action is timely brought within ninety (90) days of receipt of such right-to-sue.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges that:

16. The actions of the Defendant in terminating the Plaintiff and in denying her an open position constitutes age discrimination and retaliation for complaining of age discrimination.

17. A motivating or determining factor in these decisions were Plaintiff's age and her complaints of age discrimination.

18. Such actions represent a violation of Plaintiff's rights under the ADEA and Oklahoma's public policy against age discrimination.

19. Plaintiff was injured by this violation and is entitled to all available compensatory damages as set out above, liquidated damages and equitable relief.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges that:

20. A further motivating factor in the decisions to terminate the Plaintiff and to deny her an open position may have been Plaintiff's full vesting in the Defendant's retirement program which was scheduled to occur on January 1, 2016.

21. The decision to terminate the Plaintiff and deny her an open position resulted in Plaintiff not being able to vest under the terms of Defendant's plan.

22. Such action is an unlawful interference with ERISA rights which caused injury to the Plaintiff and entitles her to all available compensatory damages.

23. The Defendant's vesting formula may also be in violation of ERISA requirements.

## COUNT III

Plaintiff incorporates all prior allegations and further alleges that:

24. By failing to adhere to Defendant's own oral, and/or written promises and provisions governing Plaintiff's employment, as made and provided during the sale of the Matador Company, which Plaintiff relied upon to her detriment, Defendant corporation has breached its express and implied contractual obligations to this Plaintiff.

25. As a direct and proximate result of Defendant corporation's conduct, Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to her psychological well-being.

26. Defendant corporation's conduct was malicious and in reckless disregard for

Plaintiff's rights. Therefore Plaintiff is entitled to punitive damages.

## COUNT IV

For this, the fourth count of her Petition, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

27. The conduct of Defendant, was performed in a manner outrageous in the extreme so that any reasonable person would have known that emotional distress would result. Defendant acted recklessly and is guilty of reckless disregard for the rights and feelings of Plaintiff, which, as a consequence, has caused Plaintiff severe emotional distress.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to his psychological well-being.

29. Defendant's conduct was malicious and in reckless disregard for Plaintiff's rights. Therefore Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for, and based on the above, is entitled to, a declaration that the conduct engaged in by Defendant was in violation of Plaintiff's rights; an injunction against Defendant from engaging in such conduct; restoration of Plaintiff to her rightful position, or, in lieu of reinstatement therein, an award to Plaintiff for equitable relief of back salary, front salary and fringe benefits; compensatory damages, including emotional distress, mental anguish, and humiliation; costs and expenses, including reasonable attorney's fees, as provided by law; punitive damages, as provided for by applicable law; and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully Submitted,

By /s/ E. Ed Bonzie
E. Ed Bonzie, OBA #15190
8201 S. Walker
Oklahoma City, Oklahoma 73102
Telephone:   (405) 631-1031
Facsimile:   (405) 616-2488
ATTORNEYS FOR THE PLAINTIFF